IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | | |
|---|---|---|
| THEODORE ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 3:25-CV-00507-SLH |
| | ) | STEPHANIE L. HAINES |
| ATTORNEY GENERAL PAMELA BONDI, | ) | UNITED STATES DISTRICT JUDGE |
| *Attorney General, U.S. Department of* | ) | |
| *Justice, et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

## <u>MEMORANDUM ORDER</u>

As this Court indicated in its Text Order at ECF No. 17, this Memorandum Order more fully addresses various pending matters in this case.

Turning first to the issue of Petitioner Theodore Robinson's ("Mr. Robinson") request for a Temporary Restraining Order ("T.R.O.") at ECF No. 16, the Court reiterates its holdings from its Text Order at ECF No. 17 deeming that request unavailing. The Court need not offer any further explanation as to why it cannot afford Mr. Robinson a T.R.O. at this time.

Turning next to the matter of Mr. Robinson's Petition at ECF No. 1, in which he cites *Zadvydas v. Davis*, 533 U.S. 678 (2001) in requesting release from detention, the Court observes that Mr. Robinson has indeed been in custody for well in excess of six months. (*See* ECF No. 1). The Court further observes that Chief United States Magistrate Judge Richard A. Lanzillo ("Judge Lanzillo") recommended that this Court order Mr. Robinson released from detention "subject to appropriate conditions in accordance with 8 U.S.C. § 1231(a)(3)." (ECF No. 14 at 1). However, as the Court explained in its Text Order at ECF No. 17, Respondents have represented that a final order of removal to a third country has been issued and continued detention is only anticipated

1

until a deportation flight can be arranged. (ECF No. 10 at 1). Further, the Government has apparently moved Mr. Robinson to Louisiana, (ECF No. 16 at 3), all of which tends to suggest that his removal is quite imminent (or has already occurred by the writing of this Memorandum Order). (*Id.* at 4) ("[Mr. Robinson] alleges … that his movement to Louisiana is a predicate for removal from the United States[.]").

The foregoing facts are critical, because, as the Third Circuit has explained:

> United States Code Title 8 § 1231 governs the detention of aliens who have been ordered removed. It requires that aliens who have committed aggravated felonies be detained during a ninety-day removal period. 8 U.S.C. § 1231(a)(2). However, certain classes of aliens, including criminal aliens, "may be detained *beyond* the removal period." 8 U.S.C. § 1231(a)(6) (emphasis added) … While the language of section 1231(a)(6) does not impose clear statutory limits, temporal or otherwise, on the Government's ability to detain aliens prior to their removal, the Supreme Court in *Zadvydas* held that after a six-month period of presumptively reasonable detention, the alien may "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the Government "must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. *Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief. *Id.*

*Alexander v. Att'y Gen. U.S.*, 495 F. App'x 274, 276–77 (3d Cir. 2012) (cleaned up).

It is true that the imminent possibility that the Government would remove Mr. Robinson was enough to prevent this Court from issuing a T.R.O. or adopting the pending Report and Recommendation at ECF No. 14 in an emergency posture over this past weekend. However, the Court stresses that Respondents have detained Mr. Robinson far in excess of the six-month period of "presumptively reasonable detention" (at least if he has not been removed from the country as of the date of this Memorandum Order), making the Court highly concerned about the legality of Respondents continuing to detain Mr. Robinson for any significant amount of time after today. Therefore, at this time, the Court will hold the Report and Recommendation at ECF No. 14 in

abeyance. The Court will also require Respondents to submit a Status Update regarding the status of Mr. Robinson's detention, to include, but not be limited to, whether he has been or imminently will be removed from the country, on or before May 11, 2026. In the event that Mr. Robinson is removed prior to that date, Respondents shall advise the Court with all expediency.

Turning next to Mr. Robinson's request for sanctions against counsel for Respondents, counsel for Respondents shall respond to that request on or before May 18, 2026. Mr. Robinson may file any Reply that he deems fit on or before May 26, 2026.

Turning finally to the pending Motions at ECF Nos. 6 and 9, the Court finds that previous events in this case, coupled with the Court's analysis and conclusions above, render both of those Motions moot.

Accordingly, the Court enters the following Order:

**<u>ORDER OF COURT:</u>**

AND NOW, this 4th day of May 2026, IT IS HEREBY ORDERED that, for the reasons set forth in the foregoing Memorandum Order, the Court's Text Order at ECF No. 17 is REAFFIRMED. Mr. Robinson's request for a T.R.O. is DENIED for the reasons stated in that Text Order.

IT IS FURTHER ORDERED that, for the reasons set forth in the foregoing Memorandum Order, the Court will HOLD IN ABEYANCE the Report and Recommendation at ECF No. 14. On or before **<u>May 11, 2026</u>**, Respondents shall submit to the Court an update regarding the status of Mr. Robinson's detention, to include, but not be limited to, whether he has been or imminently will be removed from the country. In the event that Mr. Robinson is removed from the country prior to that date, Respondents shall advise the Court with all reasonable expediency.

3

IT IS FURTHER ORDERED that counsel for Respondents shall file their Response in Opposition to Mr. Robinson's request for sanctions at ECF No. 16 on or before **May 18, 2026**. Mr. Robinson may file any Reply on or before **May 26, 2026**.

IT IS FURTHER ORDERED that, for the reasons set forth in the foregoing Memorandum Order, the Clerk shall TERMINATE the Motions at ECF Nos. 6 and 9 AS MOOT.

BY THE COURT:

STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE

4